

Seattle - New York
www.afnlegal.com

**Complex Disputes**

July 26, 2021

Honorable Alison J. Nathan
United States District Court,
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

Re: *GBM Global Holding Company Limited v. Certain Unidentified Individuals.* **1:21-cv-06284-AJN– Letter Motion to Seal**

Dear Judge Nathan:

In response to the Court's order dated July 23, 2021, Petitioner GBM Global Holding Company Limited ("**Petitioner**") files this letter motion respectfully requesting leave to: (i) file a memorandum of law which redacts certain sensitive information; (ii) seal the declarations of Daisy Lu Li and Wei Li in support of the Motion; and (iii) seal Exhibits B to D to the Motion.

Courts in the second circuit weigh the presumption of disclosure against "countervailing factors." *Lugosch v Pyramid Co. of Onondaga*, 435 F3d 110, 120 (2d. Cir. 2006). In considering the competing interests weighing against access to filed documents, Courts have observed that "[t]he public has in the past been excluded, temporarily or permanently … to protect private as well as public interests: to protect trade secrets, or the privacy and reputation of victims of crimes, …". *United States v Amodeo*, 44 F3d 141, 147 (2d. Cir. 1995), citing *In re Nat. Broadcasting Co., Inc.*, 653 F2d 609 (D.C. Cir. 1981).

### I. Plaintiff's Privacy Interests, Trade Secrets and Confidential Commercial Data

"[C]ourts grant confidential treatment under circumstances where trade secrets and material that would place a party at a competitive disadvantage are being used in public filings." *New York v. Actavis, PLC,* 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). Documents may be sealed even where they are not "trade secrets" in the traditional sense but have potential to do commercial harm to the party requesting sealing. *Gelb v Am. Tel. & Tel. Co.*, 813 F Supp 1022, 1035 (SDNY 1993); *In re Parmalat Sec. Litig.*, 258 FRD 236 (SDNY 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing.") (internal quotations and citations omitted).

Petitioner's motion contains confidential commercial data and trade secrets. These include, for example, its exchange's policy and procedure for confirming deposits, and the dollar-amount losses the exchange suffered to make whole the users who traded their real cryptocurrency for Defendants' fakes. *See* Daisy Li Decl ¶¶ 7-13; Wei Li Decl. ¶¶ 9-10, 13-14; Ex. B (exchange report to the FBI setting out losses).



The disclosure of such non-public financial and competitively sensitive information weighs against the presumption of access. *United States v Amodeo*, 71 F3d 1044, 1051 (2d. Cir. 1995) ("Financial records of a wholly owned business, family affairs, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public… Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts…"); *Playtex Products, LLC v Munchkin, Inc.*, 2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016) (authorizing redaction on a limited number of statements in briefs and exhibits relating to Plaintiff's sales and revenue, and analytical testing of products because of "Plaintiff's privacy interests and [likely harm from] competitors").

Disclosing such information would publicly reveal certain of GBM's exchange's systemic vulnerabilities. If other enterprising hackers do not yet know of these vulnerabilities, they will through disclosure. Petitioner's competitors could also make use of such information. *Avocent Redmond Corp. v Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (SDNY July 31, 2012) (redaction of plaintiff's engineering schematics and confidential source code was narrowly-tailored to shield them from competitors); *In re Parmalat Sec. Litig.*, 258 FRD 236, 245 (SDNY 2009) ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (internal quotations and citations omitted).

## II.  The Need To Avoid Notice To Prevent Further Dissipation

Here, the proposed-to-be sealed information shows Petitioner's tracing methodology, ongoing efforts to trace, and already-identified transactions of stolen cryptocurrency. It is important that such information remain redacted to ensure that: (i) Defendants do not get wind of Petitioner's ongoing actions; or (ii) learn of Petitioner's self-help methods, lest they make further transfers or dissipate the cryptocurrencies before all possible injunctive relief is effectuated. Daisy Li Decl. ¶ 13; *FTC v. Campbell Capital LLC*, 2018 U.S. Dist. LEXIS 186728, at *13 (W.D.N.Y. Oct. 24, 2018) (sealing to prevent "dissipation and destruction of documents.")

Respectfully submitted,

AFN Law PLLC

s/ *Angus F. Ni*
Angus F. Ni

41 Madison Ave, 31st Floor
New York, NY 10010
Phone: (646) 453-7294
*Counsel for Petitioner*