

Seattle - New York
www.afnlegal.com

Complex Disputes

July 26, 2021

Honorable Alison J. Nathan
United States District Court,
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

Re:   *GBM Global Holding Company Limited v. Certain Unidentified Individuals.* **1:21-cv-06284-AJN**– Letter Updating the Court on Notice And Ongoing Tracing Efforts

Dear Judge Nathan:

In response to the Court's order dated July 23, 2021, Petitioner GBM Global Holding Company Limited ("**Petitioner**") writes to inform the court that: (i) it has provided notice to all known third-party exchanges to which Defendants have made cryptocurrency transfers; and (ii) provide further updates on Petitioner's continuing efforts, as follows:

As Petitioner's motion ("Motion") made clear, it made contact with every third-party exchange that that received Defendants' transfers as soon as Petitioner's tracing efforts identified any such exchange.  Motion, at 5.  Petitioner's tracing and identification efforts are ongoing.  *Id.*

Following the Court's July 23, 2021 order, Petitioner identified several more exchanges that had received Defendants' transfers. Accordingly, over the weekend, Petitioner e-mailed all the exchanges it had identified where e-mail was available, including the new exchanges identified following the Court's order.  For those third-party exchanges that do not provide public e-mail contacts, Petitioner used personal industry relationships to identify WeChat contacts, and provided notice to such exchanges by WeChat—a chat application.  As of July 26, 2021, at 11:00 a.m. EST, all currently known exchanges who hold Defendants' traceable cryptocurrency have been notified.

In addition, Petitioner respectfully submits the following caselaw to provide further jurisdictional and procedural basis of Petitioner's request.  In particular, "the Second Circuit [has] made clear that 'the district court need not have personal jurisdiction over nonparties to issue a preliminary injunction requiring a party before it to refrain from moving assets during the pendency of the proceedings.'" *Tiffany (NJ) LLC v. QI Andrew*, 2015 WL 3701602, at *3 (S.D.N.Y. June 15, 2015).  Rather, "questions of personal jurisdiction over non-parties [only arise] before the determination of a non-party's liability or the issuance of sanctions against a non-party [for non-compliance with the restraining order]." *Id.* Indeed, "Federal Rule of Civil Procedure 65(d) automatically forbids others—who are not directly enjoined but who act 'in active concert or participation' with an enjoined party—from assisting in a violation of the injunction." *Id.*  Thus, injunctions covering a party's assets "do not directly restrain the conduct of nonparties. Instead, they provide these nonparties with notice that 'they could become liable through Rule 65 if they assist ... in violating the district court's orders.' " *Id.*



Seattle - New York
www.afnlegal.com

**Complex Disputes**

      Accordingly, to the extent paragraph 7 of Petitioner's proposed order to show cause gives the Court pause, Petitioner respectfully submits that its purpose is to inform the third-party exchanges of the Court's restraint of Defendants' assets, and not theirs.  Indeed, it does not prohibit the third-parties from doing anything, but rather asks them for a freeze of ***Defendants'*** assets to aid Petitioner in preventing further dissipation by Defendants.  It is only upon notice and refusal to comply despite notice, that the third-parties would be deemed to be acting "in active concert or participation" with Defendants, and sanctions brought to bear as envisioned under Rule 65(d).

      Finally, an updated <u>Schedule B</u> with all exchanges identified to date, and which further identifies with color-coding additional types of cryptocurrencies transacted, is submitted concurrently under seal.

      Respectfully submitted,

                                        AFN Law PLLC

                                        s/ *Angus F. Ni*
                                        Angus F. Ni

                                        41 Madison Ave, 31st Floor
                                        New York, NY 10010
                                        Phone: (646) 453-7294

                                        *Counsel for Petitioner*