UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GBM Global Holding Company Limited<br><br>    *Petitioner*,<br><br> v.<br><br>The Unidentified Individuals Listed On Schedule A,<br><br>    *Defendants.* | Case No. 1:21-cv-06284-AJN |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION**

  Petitioner GBM Global Holding Company Limited ("**Petitioner**") respectfully submits this reply briefing in support of its motion for a preliminary injunction (the "**Motion**").

  As directed by the Court on July 28, 2021, all Defendants were served at the e-mail addresses set forth in Schedule A that same day. *See* Dkt. 12 (Affidavit of Service). Since then, none of the Defendants have appeared and Petitioner's Motion is unopposed.

  As such, Petitioner's Motion should be granted, and a preliminary injunction issued. *McGraw-Hill Glob. Educ. Holdings, LLC v Khan*, 2020 WL 4746570, at *2 (SDNY Aug. 17, 2020) (preliminary injunction entered where defendants did not respond to the Order to Show Cause and did not appear for the show cause hearing); *King v City of New York*, 2021 WL 1856840 (SDNY Apr. 6, 2021) ("…the Court ordered [Plaintiff] to show cause… why the Defendants' motion should not be granted as unopposed… [Plaintiff] did not respond to the Court's Order to show cause. As a result, … the Court granted the Defendants' motion to dismiss…").

In addition, Petitioner has drafted a notice of arbitration, which will be filed with the AAA in New York the week of August 9, 2021. Petitioner anticipates serving Defendants at the same e-mail addresses per the AAA's rules and the parties' user agreement, which permit such service. Upon the issuance of any award in Petitioner's favor, Petitioner will request a turnover of any preliminarily enjoined funds from the Schedule B exchanges.

Should there be a need for a further confirmation proceeding and the need for execution orders, this Court shall have jurisdiction over any subsequent proceedings to enforce an Award. *See F. Hoffmann-La Roche Ltd. v Qiagen Gaithersburg, Inc.*, 730 F Supp 2d 318 (SDNY 2010) (acknowledging that a AAA arbitration that "took place in New York" was governed by the New York convention because the parties to the arbitration were not "entirely" U.S. citizens).

If there are no subsequent proceedings necessary, upon the turnover of frozen cryptocurrency from the Schedule B exchanges, Petitioner will petition this Court to dissolve any injunction and terminate this action.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court grants Petitioner a preliminary injunction enjoining Defendants, their agents, servants, employees, attorneys, and affiliates, from selling, transferring, assigning, encumbering, or otherwise disposing of cryptocurrency transferred in the transactions listed in **Schedule B** to the Show Cause Order dated July 28, 2021 pending the outcome of an arbitration.

//
//
//
//

Dated: August 6, 2021

                                                **AFN Law PLLC**

                                                by: _/s/ Angus F. Ni_

                                                Angus F. Ni  
                                                41 Madison Ave, 31st Floor,  
                                                New York, NY 10017  
                                                Phone: (646) 453-7294  
                                                angus@afnlegal.com

                                                *Attorneys for the Petitioner*