# EXHIBIT 1

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0016-1249

| | |
|---|---|
| GBM Global Holding Company Limited | Claimant |
| -vs- | |
| Ivan Romanov | Respondents |
| -vs- | |
| Aleksandr Kholopov | |
| -vs- | |
| Volkov Dmitrii | |
| -vs- | |
| Iakov Chikunov | |
| -vs- | |
| Movenko Maksim | |
| -vs- | |
| Voroshnin Artem | |
| -vs- | |
| Firsov Igor | |
| -vs- | |
| Stepkin Stanislav | |
| -vs- | |
| Denis Yevgenyevich | |
| -vs- | |
| Ekaterina Volzhankina | |
| -vs- | |
| Evgenii Volodchenko | |
| -vs- | |
| Dmitrii Novikov | |
| -vs- | |
| Shkurkin Evgenii | |
| -vs- | |
| Cherniakova Kamila | |
| -vs- | |
| Dyrnayev Denis Pavlovich | |
| -vs- | |
| Kateryna Konovaliuk Pastuk | |
| -vs- | |
| Andrei Perevozchikov | |
| -vs- | |
| Андреев Андрей Андреевич | |
| -vs- | |
| Oleg Emelianov | |
| -vs- | |
| Pavlov Mikhailo | |
| -vs- | |
| Oleksii Pavlov | |

1

Case Number: 01-21-0016-1249

-vs-
Питкевич Сергей Николаевич
-vs-
Artem Esmeikin
-vs-
Maksim Kamayev
-vs-
Aleksandr Losev
-vs-
Ermilov Igor
-vs-
Ryazantsev Aleksey
-vs-
Fedoseeva Anastasiia
-vs-
Fayzullin Eduard
-vs-
Vyacheslav Galyadkin
-vs-
Artur Valiev
-vs-
Zhukovskii Aleksandr Dmitrievich
-vs-
Dmitrii Starodubtcev
-vs-
Yana Bagramyan
-vs-
Daniil Novikov
-vs-
Alexandr Zaharov
-vs-
Ochir Muzgunov
-vs-
Ivan Pyntsin
-vs-
Michel Leblanc
-vs-
Tommy Gallagher
-vs-
Mariia Simonova
-vs-
Aidar Fakhrutdinov
-vs-
волков Виктор
-vs-
Pismenskii Nikita
-vs-
Mykyta Roman
-vs-
Andrei Klenov
-vs-
Viktor Boiarchuk
-vs-
Vitaliy Kharitonov

2

Case Number: 01-21-0016-1249

-vs-
Gubanov Dmitrii
-vs-
Tetyana Stebentova
-vs-
Olesandra Sazonova
-vs-
Maksim Kaigorodov
-vs-
Artem Aleksandrovich Struchev
-vs-
Timur Abdullaev
-vs-
Тетерин Алексей
-vs-
Fetishchev Danil
-vs-
Rdmir Ravilovich Galimov
-vs-
Zhanat Karabaeva
-vs-
Gubina Aleksandr
-vs-
Nadilniuk Kostiantyn
-vs-
Barannik Yevhenii
-vs-
Artem Shmanov
-vs-
Nazarov Vitalii
-vs-
Denis Barashkov Olekseyevich
-vs-
Anton Andreyevich Kurochkin
-vs-
Pavel Lukianchikov
-vs-
Oleksandr Onikiienko
-vs-
Denis Terehov
-vs-
Kristina Dvihalkina
-vs-
Martik Mnatsakanyan
-vs-
Dmytro Hvozdikov
-vs-
Aramais Sarkisyan
-vs-
Tiamaev Dmitrii
-vs-
Камаев Максим
-vs-
Artem Aleksandrovich Ageev

3

Case Number: 01-21-0016-1249

-vs-
Александр Холопов
-vs-
Andrei Vedernikov
-vs-
Илья Ломтев
-vs-
Svetlana Abdullaeva
-vs-
Федоров Давид Владимирович
-vs-
Kharitonova Julia
-vs-
Andrii Chyrypiuk
-vs-
Oleksandr Valov
-vs-
Mykola Zhalo
-vs-
Kyrylo Kuts
-vs-
Mykola Zhyzhyian
-vs-
Beliaev Nikita
-vs-
Deny Matviienko
-vs-
Mykola Zhyzhyian
-vs-
Aralov Maksim
-vs-
Anastasiia Antohobha

---

## AWARD OF ARBITRATOR

I, Dani Schwartz, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and oral hearings having been deemed waived in accordance with the Rules, and having fully reviewed and considered the written documents submitted to me by Claimant, and the Respondents having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, hereby, AWARD, as follows:

Claimant is the owner/operator of a cryptocurrency exchange doing business under the name "BitMart." Among the cryptocurrencies traded on the BitMart exchange is Bitcoin Satoshi Vision ("BSV"). The 92 Respondents registered accounts on the BitMart exchange to become users of the exchange. After registering their accounts, in or about July 2021, Respondents carried out a malicious "51% attack" on the BSV blockchain. By briefly taking over the mining, or hashing, power on this blockchain, Respondents were able to implant a trail of sham transactions that resulted in the appearance of Respondents possessing 91,000 authentic BSV tokens. By virtue of Respondents' temporary manipulation of the BSV blockchain, Claimant was duped into treating the sham BSV tokens as authentic, and collectively credited a total of 91,000 authentic BSV tokens into digital wallets linked to

4

Respondents' accounts. Respondents then immediately traded the authentic BSV tokens in their accounts for other cryptocurrencies, totaling in value approximately $6,070,000.00 as of July 10, 2021. Of this sum, Respondents transferred $5,027,000.00 worth of cryptocurrency onto other exchanges. Claimant was able to freeze some of Respondents' accounts before Respondents could empty their accounts of all authentic cryptocurrency.

Claimant established these facts through the submission of affidavits and documentary evidence. All Respondents defaulted in appearing, and did not contest Claimant's case in any way. Accordingly, the preponderance of the evidence establishes that Respondents orchestrated a cyberattack upon Claimant in order to dupe Claimant into crediting Respondents with authentic BSV tokens in their accounts, Claimant did so as a result of Respondents' deceptions, and Claimant was damaged thereby.

In Claimant's evidentiary submission, the relief Claimant was requested was as follows: "a damages Award reflecting the US Dollars equivalent of the cryptocurrencies Respondents successfully withdrew on or about July 9, 2021, at the exchange rate prevailing the day of the Award." (Claimant's "Merits Submission," dated March 16, 2022).

Based upon the uncontested evidence, I award to Claimant, and against the Respondents jointly and severally, damages for each withdrawal of cryptocurrency from a Respondent account occurring on or about July 9, 2021, as set forth in the Appendix A appended to Claimant's evidentiary submission. Such damages are to be calculated in United States dollars ("Dollars") at the cryptocurrency-Dollars exchange rate prevailing as of the close of business on the date of this Award. The specific cryptocurrencies (identified by ticker) and withdrawal amounts against which these damages are to be calculated are as follows: BSV 3.07; BTC 10.9946; ETH 218.929; USDC 296,654.277; USDT 693,721.37; XRP 3,926,159.284; ADA 130838.17; DOGE 485; ETC 0.389; HOT 29,912,899; LTC 668.499; MATIC 297,691; XEM 313.94; XLM 969,308.31; and ZEC 0.3487.

The administrative fees of the American Arbitration Association (AAA) totaling $1,900 shall be borne as incurred, and the compensation of the arbitrator totaling $2,700 shall be borne as incurred.

The above sums are to be paid within forty-five (45) days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are denied.

May 2, 2022

_____
Dani Schwartz, Arbitrator